Robert J. DuPont, State Bar No. 176621
WILNER & O'REILLY, APLC
17777 Center Court Drive Suite 200
Cerritos, CA 90703
Tel:    562 207-6789
Fax:    562 207-6788

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAREEF EL-ARBI, USC; <br> ZAINAB K. RUSTOM, <br> WAC 06-051-52401 <br> MSC 06 075 26673 <br>         Plaintiffs, <br> v. <br> CHRISTINA POULOS, District Director California Service Center, USCIS ; ROBERT M. COWAN, Director National Benefits Center;  EMILIO GONZALEZ, COMMISSIONER, USCIS; MICHAEL CHERTHOFF, Secretary Department of Homeland Security; DEPARTMENT OF STATE ; CONDOLEEZZA RICE Secretary of State; LEWIS LUKENS, Vancouver Consulate Consul General;  PATRICIA J. RAIKES,  Consular Chief U.S. Consulate in Vancouver; <br> Defendants. | Case No CV 07-06646 GAF (PLAx) <br><br> OPPOSITION TO DEFENDANT'S MOTION TO DISMISS;  MEMORANDUM OF POINTS AND AUTHORITIES <br><br><br> Hearing Date: March 3, 2008 <br> Time of Hearing:  9:30 a.m. <br> Courtroom:  740 <br> Before:  Judge Gary Allen Feess |

## INTRODUCTION

Plaintiffs filed this action seeking adjudication of both a K-3 non-immigrant visa and an I-130 immigrant visa.   Plaintiffs Shareef El Arbi and his wife miss Zainab Rustom have by virtue of this delay been separated as man and wife for the past two years and two months.  The delays by USCIS and Department of State have no reasonable justification and none is offered

1
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

by Defendants.  Plaintiff s also alleges in their proposed First Amended Complaint allegations of interference by a third party law enforcement agency, the Federal Bureau of Investigation ("FBI") in promoting these delays in an effort to "recruit" Shareef El Arbi as an informant in the Muslim religious community.

Defendants offer jurisdictional arguments based on mootness and consular non-reviewability as the basis for the motion to dismiss.   Plaintiffs will show that there is a live case in controversy,  that there is jurisdiction to review delay cases both with USCIS and the Department of State and that the FBI  has emerged as a potential actor and  plaintiff with regard to efforts to delay the adjudication of Plaintiffs' pending marriage based petitions.

Defendants also offer facts on the record which are material to deciding this motion and are disputed.  The dispute of fact concerns whether Plaintiffs'  K-3 application  was decided two days after her October 2007 interview.   Plaintiffs offer the E-mail communications and declarations of Plaintiffs that contradict this claim, which comes from a Department of State employee's interpretation of an agency database.   Regulations require a written statement of refusal with grounds, which has not been done and return of a refused non-immigrant visa for review by USCIS, necessarily involving them as a party to this case.

Plaintiffs also oppose this motion based on the fact that they are also requesting amendment of the pleadings to reflect the involvement of the Federal Bureau of Investigations ("FBI") for its activities actively obstructing processing of this case by this young Muslim married couple and also a possible delayed background check. Consequently, Plaintiff seeks to include the FBI as a party to this action, for its contribution deliberate delays and obstruction of the adjudication of this case. ( See Proposed First Amended Complaint Filed on February 11, 2008)

For this reason Plaintiff has filed immediately prior to this opposition a motion for leave to amend the pleadings to include the FBI and Director Robert Mueller as defendants and parties to this action. With inclusion of all participating parties Plaintiff will be able to determine who the party at fault is with regard to the ongoing delay of the K-3 and I-130 immigrant visa applications.

2

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants' motion to dismiss is not persuasive failing to present undisputed evidence of actions taken by USCIS or the Department of State to resolve the case. This motion is premature, seeking dismissal prior to the completion of discovery, which would determine what if any action has been taken by the Department of State, whether USCIS retains jurisdiction of a "refused" K3 visa and whether FBI or other agency interference and obstruction is at the roog of this delay.

## MEMORANDUM OF POINTS AND AUTHORITIES:
## STATEMENT OF FACTS:

### A. Procedural History:

Plaintiffs initially sought relief in this court on December 6, 2006. The court, on its own motion, dismissed the case following USCIS approval and forwarding of the K-3 Visa to the Department of State.  Following another 10 months of delay in adjudicating the K-3 visa (with consulate) and the I-130 immigrant visa (with USCIS) Plaintiffs re-filed this action on October 12, 2007 resulting in USCIS approving the I-130 immigrant visa petition .  Plaintiff's K-3 non-immigrant  and I-130 immigrant visas are with the Department of State or USCIS depending on whether the K-3 visa has been refused and returned to USCIS custody.

### B. **Adjudication of the K-3 Non-Immigrant Visa**:

Defendant Department of State has presented the Declaration of Chloe' Dybdahl, an "attorney advisor"  to the Visa Office, Bureau of Legal affairs. In her statement, Ms Dybdahl relates her interpretation of the "Consular Consolidated Database" reflects an officer "refused the non-immigrant visa application of Zainab K. Rustom under INA §221(g)" .  It also relates that this refusal occurred on or about August 29, 2007, two days after the interview.

Plaintiffs present the sworn declarations of SHAREEF EL-ARBI and ZAINAB K. RUSTOM which state that no indication of a refusal was made, that the consular officer related it would take 4 to 6 weeks for internal review and security checks and that they would be contacted for the purpose of sending in the passport for a visa.    (See Exhibit A and B declaration of Plaintiffs Shareef El Arbi and Zainab K. Rustom, and Ex. C letter of Consular Officer Nguyen)

Plaintiffs also relate that they made an e-mail inquiry to the consulate in Vancouver to which a response was sent on September 18, 2007.  The Consular officer in the "K Visa Department" stated, well after the alleged August 29, 2007 refusal date, that "your visa application has been delayed for required vetting by security and law enforcement agencies….. we can assure you that the clearance request is in the hands of the appropriate agencies.: ….Please rest assured that we will contact  you immediately when the clearance is complete and we are ready to proceed with your visa application." (See Ex. D to Declaration of Robert J. DuPont)

Plaintiffs, have not been advised of a refusal nor a legal basis for the refusal by the consulate, believe the K-3 has not been "refused" or otherwise adjudicated.

### C. Adjudication of the I-130 Immigrant Visa Petition

Plaintiff has sought adjudication of the I-130 immigrant visa petition and consular processing of the visa for travel documents since December of 2005.  Following the filing of Plaintiff's second writ of mandamus complaint, in October of 2007 this case was finally adjudicated and forwarded to the Department of State on or about January 24, 2007.  (See Ex. E to Declaration of Robert J. DuPont transfer receipt and approval notice)

### D. Interference of Federal Bureau of Investigation.

Plaintiff  Shareef El Arbi confirms being contacted by various persons associated with the law enforcement and the FBI . (See Ex. A Declaration of Shareef El-Arbi) These individuals claim knowledge of Plaintiff's pending immigrant visa petitions for his wife and also claim the ability to "resolve"  the pending immigration delay if he agrees to act as an informant.  This indicates interference by the FBI and obstruction of the adjudication of the non-immigrant and immigrant visa petitions with the Department of State.   This obstruction appears to be confirmed in the Consular officer's e-mail of September 18, 2007 which states "your visa application has been delayed for required vetting by security and law enforcement agencies" . (Ex. D)   Plaintiff Arbi also visually confirmed presence of FBI papers in his file held at the consulate at the time of the K-3 interview on August 27, 2007.

4
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## I. THIS COURT HAS NOT LOST ITS JURISDICTION

### A. MOOTNESS

Defendants claim that as a result of the approval and forwarding of the I-130 immigrant visa by USCIS to the Department of State that this case is moot and should be dismissed for a lack of claim or controversy.   Plaintiffs do not dispute that the I-130 immigrant visa for Plaintiffs has been approved and forwarded to the Department of State and have notices to that effect.   Plaintiffs however believe USCIS is still a relevant party to this action if, as Defendants now claim, the K-3 non-immigrant visa was refused.  As set forth above in the fact section Defendants now claim the K-3 non-immigrant visa was refused.    If in fact that has happened Defendants are required to take certain steps in connection with that refusal.

22 C.F.R. §121(b) states "when a consular officer knows or has reason to believe a visa applicant is ineligible and refuses the issuance of a visa, he or she must inform the alien of the ground(s) of ineligibility"  Plaintiffs were not provided with notice from the Consulate regarding disposition of their case. (See Ex. A and B)    Issuance of the written refusal is "mandatory". (8 C.F.R. §42.81)   This is confirmed in the provisions of the Foreign Affairs Manual (FAM) which is the equivalent of the C.F.R. for the Department of State.  At 9 FAM 121 concerning refusal of visas the FAM states:

"Non immigrant visa refusals must be based on legal grounds, that is, one or more provisions of INA…221(g)"

Moreover where, as here Defendants claim a refusal under the vague provisions of INA 221(g) which describes inadmissibility but not the ground for inadmissibility the Foreign Affairs Manual procedural notes require :  "A written notification must be given in the case of an NIV refusal based on Section 214(b) or 221(g) of the INA"  (9 FAM 41.121 Pn 1.2-3)

In these cases, according to the provisions of the foreign affairs manual, the case file must also be returned to USCIS.  9 FAM 42.43 n2 states  " You will suspend action and return the petition to USCIS through NVC if:  You know or have reason to believe that , despite the absence of fraud, due to changed circumstances or clear error in approvidn ghte petition the beneficiary is not entitled to the approved status. "

5
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Where it appears there is a refusal of a petition without evidence to support a refusal and "USCIS reaffirms a petition which has been returned, and you have no additional factual evidence to submit to support the belief that an alien ns not entitled to status, … you will process the case to conclusion."  (9 FAM 42.43 n4)

What is established here is that USCIS has an ongoing role in the alleged refusal of Plaintiff's visa and to dismiss USCIS from this action at this point creates a situation where there is a pattern of actionable conduct which is avoiding review due to dismissal of the case every time the Defendant agencies transfer the file from one to the other.  (See *U.S. v. W.T. Grant Co*, 345 U.S. 629 (1958) wrongful act likely to re-occur;  *Sosna v. Iowa* 419 U.S.  393 (1975) conduct capable of repetition yet evading review;  *Martinez v. Reich* 934 F. Supp. 232, 235-236 (S.D. Tex 1996) immigration application to H-2A visa program)

## II. Plaintiff's Motion for Leave to Amend the Pleadings Is Appropriate Where Two Agencies Are Required to Complete All Tasks Associated with Processing of the Naturalization Application

Plaintiffs' counsel in other mandamus complaints against USCIS encounters similar finger-pointing to a third agency, usually the Department of State, here an application involves participation of embassy personnel for approval of an immigrant visa. In those cases as here responsibility for different tasks can pass back and forth between agencies frustrating a Writ of Mandamus action against any single entity.  As explained further in Plaintiff's concurrent filing of a Motion for Leave to Amend Complaint, it is necessary and appropriate to consider the role of Defendants and a third party, the FBI together in failing to process the immigrant and non-immigrant applications.   The role of the FBI is known only through contacts with Plaintiff Shareef El-Arbi in which claims by law enforcement agents have been made concerning his wife's pending visas. (See Ex. A  El Arbi Declaration) . Inclusion of the FBI as a party for the purposes of injunctive relief and discovery into the exact nature of this agency's role in effecting delay is necessary for a fair adjudication of this case.

The role of the FBI has been constant as noted in allegations of Plaintiffs regarding FBI related questions at the time of the I-130 interview in San Diego.  Contacts with Plaintiff El-Arbi

and as stated above presence of FBI documents in the State Department file.  What is also evident is that the FBI should not be able to interfere with conferring an immigration benefit to Plaintiffs for its own Agency goals  (I.E. recruitment of informants) and its role should be limited to investigation or reporting of any illegal conduct which would disqualify an applicant for immigrant benefits.  This interference with a benefit is actionable as stated in the Proposed First Amended Complaint under 18 U.S.C. §245.

### III. Non-Reviewability of Department of State Decisions Is Not Applicable for Cases of Prolonged Inaction By Consular Officers.

Defendants cite to doctrines of Consular non-reviewability, however this doctrine is not applicable when the complaint rests and remains on the issue of prolonged delay.   The Ninth Circuit under *Patel v. Reno* 134 F.3d 929 N. 1 (9th Cir. 1997) allowed a mandamus action to compel a consular officer to decide an immigrant visa case.  Plaintiffs also cite to rather unique circumstances of third agency  interference as an additional ground to consider and may require a factual determination as to whether the delay is an exercise of consular powers or the result of actions taken by a non-consular entity, i.e. the FBI .

### IV. Defendants FRCP 12 (b)(6) Motion To Dismiss Is Pre-Mature and Necessarily Involve Factual Issues Beyond the Pleadings:

A complaint should not be dismissed for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L. Ed. 2d 80, 84 (1957)  The provisions of FRCP Rule 12 (b)(6) provide that when a district court is presented with a 12(b)(6) motion to dismiss a plaintiff's complaint, "if . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).  When in fact such a motion is presented to the court questions of fact are to be construed in favor of Plaintiff.

Defendant has alleged USCIS no longer plays an active role in the adjudication of the K-

3 and or I-130 immigrant visa. Defendants arguments are based on the apparent adjudication of the I-130 immigrant visa and "refusal" of the K-3 non-immigrant visa.

While Plaintiffs do not dispute the adjudication of the I-130 immigrant visa which appears to be confirmed with an approval notice and document transfer documents the "refusal" of the K-3 is in dispute.

The status of the K-3 is relevant to the ongoing role of the USCIS based upon its statutory role as the reviewer of visas which are refused for cause by the Department of States. As stated above 9 FAM 42.43 Note 2 requires return of the visa to USCIS. This will apply to either the present alleged refusal of the K-3 or future potential refusal of the I-130 immigrant visa. Further Plaintiffs anticipate a dispute of fact with regard to allegations of deliberate delay of the immigrant visa petitions at the behest of a third agency (FBI) which provides additional grounds of jurisdiction for this court.

This case cannot be resolved by a 12 (b)(6) motion, as it requires an examination of the facts by an objective fact finder. The facts thus far to the extent they are contested must be decided in a light most favorable to Plaintiff. *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir. 1996); *Tyler v. Cisneros,* 136 F.3d 603, 607 (9th Cir. 1998)   Defendants seek to introduce the Declaration of an employee of the Department of State which does not provide a direct account from the consular officer who "decided" the K-3 petition, but relates instead entries in the Department of State's database. (See Defendants Declaration of Ms. Chloe Dybdahl)  Defendant's offer of this declaration steps outside the confines of a simple 12 (b)(6) motion to dismiss and are in truth submitting a motion for summary judgment which does not comply with the local rules of this court.

V.  **CONCLUSION**

Plaintiffs request that Defendants' Motion to Dismiss be denied in order to allow for amendment of the pleadings and discovery in to the actual reason for the delay of the adjudication of this non-immigrant visa and immigrant visa applications. Plaintiffs believe, in light of the unusual claims of Defendants regarding an unsubstantiated adjudication of the K-3 visa, the unusual activity and claims by agents of the Federal Bureau of Investigation, and the

8

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

failure to present any justification for two years of delay on the applications of Mr. El Arbi and his wife Ms. Rustom, the failure to adjudicate has more to do with an deliberate efforts by Defendants and the FBI to delay a ministerial task rather than any legitimate discretionary reason.

     Discovery with regard to the factual basis of Defendant's delay should shed some light whether Defendants have a legitimate basis for a two year review of Plaintiffs visa applications and the extent to which there is unlawful interference in conferring this immigration benefit.

Dated:  February 18, 2008                          Respectfully submitted,
                                                              **WILNER & O'REILLY, APLC**


                                                              By: /s/ Robert J. DuPont
                                                              ROBERT J. DUPONT
                                                              Attorneys for Plaintiff

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS