THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
INDIRA J. CAMERON-BANKS
Assistant United States Attorney
California Bar No. 248634
    Room 7516 Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2442
    Fax No.: (213) 894-7819
    Indira.J.Cameron-Banks@usdoj.gov

Attorney for Federal Defendants

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SHAREEF EL-ARBI, USC; ZAINAB RUSTOM, WAC 0605152401 MSC 0607526673 | CV 07-06646 GAF (PLAx) |
| Plaintiffs, | |
| v. | Date: April 7, 2008<br>Time: 9:30 a.m.<br>Courtroom: 740 Roybal<br>Hon. Gary Allen Fees |
| CHRISTINA POULOS, District Director California Service Center, et al. | |
| Defendants. | |

(1)  **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT IN THE NATURE OF MANDAMUS**;

(2)  **MEMORANDUM OF POINTS AND AUTHORITIES; AND**

(3)  **EXHIBITS**

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ..................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 3

I.   INTRODUCTION ......................................................................... 3

II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............ 4

III. ARGUMENT ............................................................................. 7

     A.   The Claims Asserted Against CIS Are Moot And Should Be
          Dismissed For Lack of Jurisdiction. ..................................... 8

     B.   The Doctrine of Consular Non-Reviewability Bars the Court
          From Reviewing the State Department's Refusal of the
          I-129/K-3 Visa. ............................................................ 10

     C.   Plaintiffs Fail to Establish Jurisdiction or State A Claim
          Against the  State Department Based on the I-130 Visa
          Application. ................................................................. 12

     D.   The Court Lacks Jurisdiction to Compel the FBI to Perform Any
          Actions Related to the Visa Petitions and Plaintiffs Fail to State A
          Claim For Mandmus Relief Against the FBI. ........................... 15

     E.   Plaintiffs Cannot Assert A Claim For Relief Pursuant to Criminal
          Statute 18 U.S.C. § 245. .................................................. 16

V.   CONCLUSION .......................................................................... 17

i

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3    Abdala v. INS,
        488 F.3d 1061 (9th Cir. 2007) ....................................................... 8
4
    America Academy of Religion v. Chertoff,
5        2007 WL 4527504 (S.D.N.Y. December 20, 2007) .................................... 11

6    Aldabe v. Aldabe,
        616 F.2d 1089 (9th Cir.1980) ...................................................... 16
7
    Allen v. Wright,
8        468 U.S. 737 (1984) ............................................................... 11

9    Allied Chemical Corp. v. Daiflon, Inc.,
        449 U.S. 33 (1980) ................................................................ 13
10
    Afshar v. Everitt,
11       2005 WL 2898019 (W.D.Mo. Oct. 31, 2005) ........................................... 11

12   Balistreri v. Pacifica Police Department,
        901 F.2d 696 (9th Cir. 1990) .............. ........................................13
13
    Barron v. Reich,
14       13 F.3d 1370 (9th Cir. 1994) ...................................................... 13

15   Ben-Issa v. Reagan,
        645 F. Supp. 1556 (W.D.Mich. 1986) ................................................ 11
16
    Biotics Research Corp. v. Heckler,
17       710 F.2d 1375 (9th Cir. 1983) ...................................................... 8

18   Brock v. Pierce County,
        476 U.S. 253 (1986) ............................................................... 14
19
    Bruno v. Albright,
20       197 F.3d 1153 (D.C. 1999) ......................................................... 11

21   Burrafato v. U.S. Department Of State,
        523 F.2d 554 (2nd Cir. 1975) ...................................................... 10
22
    Cook Inlet Treaty Tribes v. Shalala,
23       166 F.3d 986 (9th Cir. 1999) ....................................................... 8

24   Dougar v. Coughlin,
        613 F. Supp. 849 (S.D.N.Y. 1985) .................................................. 16
25
    Fallini v. Hodel,
26   783 F.2d 1343 (9th Cir. 1986) ......................................................... 13

27

28

ii

Fiallo v. Bell,
    430 U.S. 787 (1977) ..................................................................... 10

Foster v. Carson,
    347 F.3d 742 (9th Cir. 2003) ...................................................... 8

Hsieh v. Kiley,
    569 F.2d 1179 (2nd Cir.) (1979) ............................................... 10

Independence Mining Co. V. Babbit,
    105 F.3d 502 (9th Cir. 1997) ............................................. 12, 14

Johnson v. Knowles,
    113 F.3d 1114 (9th Cir. 1997) ................................................... 13

Land v. Dollar,
    330 U.S. 731 (1947) ..................................................................... 8

Lewis v. Continental Bank Corp.,
    494 U.S. 742 (1990) ..................................................................... 8

Li Hing of Hong Kong, Inc. v. Levin,
    800 F.2d 970 (9th Cir. 1986) ...................................................... 10

Lujan v. Defenders of Wildlife,
    504 U.S. 555 ................................................................................ 11

Luo v. Coultice,
    178 F. Supp. 2d 1135 (C.D. Cal. 2001) .................................... 16

Marshall v. Johnson,
    2005 WL 1214254 (W.D.Ky. May 19, 2005) ........................... 17

Munoz v. Ashcroft,
    339 F.3d 950 (9th Cir. 2003) ...................................................... 7

Nova Stylings Inc. v. Ladd,
    695 F.2d 1179 (9th Cir. 1983) ................................................... 13

Patel v. Reno,
    134 F.3d 929 (1997) ................................................................... 16

Paulson v. Carter,
    2005 WL 35856 (D.Or. Jan. 6, 2005) ....................................... 17

Pittston Coal Group v. Sebben,
    488 U.S. 105 (1988) ................................................................... 13

Preiser v. Newkirk,
    422 U.S. 395 (1975) ..................................................................... 8

Public Utility Commission of the State of Cal,
    100 F.3d 1451 (9th Cir. 1996) ..................................................... 8

iii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Roberts v. Corrothers,
     812 F.2d 1173 (9th Cir. 1987) ........................................................ 7

Ruvalcaba v. City of Los Angeles,
     167 F.3d 514 (9th Cir. 1999) ......................................................... 8

Shaughnessy v. United States ex rel. Mezei,
     345 U.S. 206 (1953) ...................................................................... 7

Stock West, Inc. v. Confederated Tribes,
     873 F.2d 1221 (9th Cir. 1989) ..................................................... 7

Telecommunication Research and Action Ctr. (T.R.A.C.) v. FCC,
     750 F.2d 70 (D.C. Cir. 1984) ..................................................... 14

Thornhill Publishing Co. v. General Telegraph & Electrics Corp.,
     594 F.2d 730 (9th Cir. 1979) ....................................................... 7

United States ex rel. London v. Phelps,
     22 F.2d 288 (2nd Cir.) (1928) ................................................... 10

United States ex rel. Ulrich v. Kellog,
     30 F.3d 984 (D.C. Cir. 1929) ..................................................... 10

Ventura-Escamilla v. INS,
     647 F.2d 28 (9th Cir. 1981) ....................................................... 10

Warren v. Fox Family worldwide, Inc.,
     328 F.3d 1136 (9th Cir. 2003) ................................................... 11

**FEDERAL STATUTES**

5 U.S.C. § 555(b) ........................................................................... 14

5 U.S.C. § 555 *et seq* ..................................................................... 12

5 U.S.C. § 701(a)(2) ...................................................................... 14

5 U.S.C. § 706(1) ........................................................................... 12

8 U.S.C. § 1101(a)(9) .................................................................... 16

8 U.S.C. § 1101(16) ....................................................................... 16

8 U.S.C.§ 1201(g) ......................................................................... 14

8 U.S.C. § 1202(e) ......................................................................... 12

18 U.S.C. § 245 ................................................................. 3, 7, 16, 17

28 U.S.C. § 1361 ................................................................... 12, 13

INA § 101(a)(15)(K)(ii) ............................................................................ 4

INA § 221(g) ...................................................................................... 5, 14

INA § 222 ............................................................................................  12

Fed.R.Civ.P. 12(b)(1) ......................................................... 2, 3, 7, 8, 9, 17

Fed.R.Civ.P. 12(b)(6) ........................................................................... 13

Local Rule 7-3  ...................................................................................... 2

## FEDERAL REGULATIONS

22 C.F.R. § 41.81(b) ............................................................................. 5

22 C.F.R. § 42.41.. ............................................................................. 14

22 C.F.R. § 42.62 ......................................................................... 12,14

**PLEASE TAKE NOTICE** that on April 7, 2008, at 9:30 a.m. or as soon thereafter as the parties may be heard, Federal Defendants will bring for hearing a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The hearing will take place before the Honorable Gary Allen Fees, in Courtroom 970 of the Roybal Federal Building, 255 E. Temple St., Los Angeles, CA 90012.

Defendants, by and through their undersigned counsel, respectfully move this Court to dismiss Plaintiffs' action pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim.  This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the attached Exhibits, all pleadings and papers on file in this action, and upon such other and further arguments, documents and grounds as may be advanced in the future.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which occurred on February 29, 2008.


DATED: March 17, 2008             THOMAS P. O'BRIEN
                                  United States Attorney
                                  LEON W. WEIDMAN
                                  Assistant United States Attorney
                                  Chief, Civil Division


                                         /s/
                                  _____
                                  INDIRA J. CAMERON-BANKS
                                  Assistant United States Attorney
                                  Attorneys for Federal Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Court does not have jurisdiction to entertain the majority of claims asserted by Plaintiffs Shareef El-Arbi and his wife Zainab Rustom in this mandamus action against the United States Citizenship and Immigration Services ("CIS"), the Department of State ("State Department"), and the Federal Bureau of Investigation ("FBI").  The remaining claims fail to state a claim for relief against any of the defendants.   Accordingly, the court should dismiss the claims asserted against them pursuant to F.R.C.P. 12(b)(1) and 12(b)(6).

CIS has adjudicated, approved and forwarded Plaintiff Rustom's visa petitions to the State Department and there is no further relief that the Court could compel from USCIS with respect to the I-129/K-3 and I-130 visa petitions.  Thus, the claims against CIS are moot and should be dismissed for lack of jurisdiction.

The claims against the State Department also should be dismissed for lack of subject matter jurisdiction.  First, the doctrine of consular non-reviewability deprives the Court of subject matter jurisdiction over Plaintiffs' claims based on the refused I-129/K-3 visa petition.  Second, Plaintiffs cannot establish the Court's jurisdiction over the claims stemming from the State Department's processing of the I-130 pursuant to either the mandamus statute or the Administrative Procedure Act ("APA").  Moreover, Plaintiffs fail to state a claim for mandamus relief under either one of these statutes because there has not been any unreasonable delay in the I-130 visa process.

Lastly, Plaintiffs fail to state a claim against the FBI for which mandamus relief can be granted because the FBI does not have any obligation or ability to issue either a I-129/K-3 or the I-130 visa.  Further, Plaintiffs' attempt to assert a civil claim against the FBI pursuant to a criminal statute, 18 U.S.C. § 245, is improper and untenable.

3

## II.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This is the second action Plaintiffs have initiated in connection with Plaintiff Rustom's I-129/K-3 and I-130 visa petitions.  On July 20, 2007, the Court dismissed the first action brought by Plaintiffs in connection with these visas, El-Arbi v. Poulos, CV06-7728 GAF (PLAx) (a mandamus action seeking to compel CIS to adjudicate Plaintiff Rustom's I-129/K-3 and I-130 visa petitions), attached hereto, because CIS adjudicated and approved both petitions and forwarded the I-129/K-3 petition to the State Department for it to make a determination to either issue or refuse the non-immigrant visa.  See Approved I-129 and I-130 visa petitions attached hereto as Exhibit 1.

Upon approving both the I-129/K-3 and I-130 visas, CIS, pursuant to its routine policy, forwarded the I-129/K-3 visa to the National Visa Center at the State Department for further processing in connection with the issuance or refusal of the non-immigrant visa, and forwarded the approved I-130 to the National Records Center to be maintained until Plaintiff Rustom entered the United States on the I-129 visa.[1]  On May 24, 2007, the I-129/K-3 non-immigrant visa case was

_____

[1] A visa issued pursuant to the I-129/K-3 petition is a *non-immigrant* visa. Therefore when an individual enters on the I-129/K3 visa, that individual will need to apply for adjustment of status to become a lawful permanent resident.  A visa issued pursuant to the I-130, however, allows an individual to become a lawful permanent resident upon entry into the United States.

The difference between these two visas informs the policies of CIS and the State Department with respect to how these visas are processed.  The State Department will not process both an I-129/K-3 and an I-130 visa at the same time. This is because one of the eligibility requirements for an I-129/K-3 visa is that an I-130 application is pending.  See the Immigration and Nationality Act (INA) § 101(a)(15)(K)(ii) (8 U.S.C. §1101(a)(15)(K)) which provides in relevant part:

The term 'immigrant' means every alien except an alien who is within one of the following classes of nonimmigrant aliens- . . .an alien who . . . has concluded a valid marriage with a citizen of the United states . . . who is the petitioner, is the beneficiary of a petition to accord a status under 1151(b)(2)(A)I) of this title that was filed under section 1154 of this title by the petitioner, *and seeks enter the United States to await the approval of such petition* and the availability to the alien of an immigrant visa;

1    transferred to the United States Consulate in Vancouver, Canada.  See Declaration

2    of Chloe Dybdahl (Dybdahl Decl.) ¶ 3, attached hereto as Exhibit 2.  On August

3    29, 2007, the consular officer refused Plaintiff Rustom's I-129/K-3 non-immigrant

4    visa application pursuant to INA § 221(g) (8 U.S.C. 1201).[2]  See Id., ¶ 4; see also

5    OF-194, attached hereto as Exhibit 3.[3]  Contrary to the allegations in the

6    Complaint, at no time did the Consulate, or the State Department, ever return  the

7    I-129/K-3 visa application to CIS as alleged in the Complaint.  See Declaration of

8    Yumiko Kono (Kono Decl.) ¶ 7, attached hereto as Exhibit 4. Furthermore, neither

9    the State Department nor CIS has ever indicated or communicated to Plaintiffs that

10   such a return occurred.[4]

11          On October 12, 2007, Plaintiffs initiated this instant action against CIS and

12   the State Department regarding Plaintiff Rustom's visa petitions.  Since the

13   Complaint sought mandamus relief compelling CIS to forward the I-130 to the

14   State Department, CIS obliged.  See Id., ¶ 5.  However, before doing so,

15   government counsel notified and explained to Plaintiffs' counsel that if CIS

16   transferred the I-130 visa petition to the State Department, it would stop processing

17   the I-129/K-3 visa petition because Plaintiff Rustom would no longer be eligible

18   _____

19   (Emphasis added.); See also 22 C.F.R. § 41.81(b) and (d).  Moreover, once an I-
     130 visa is approved and no longer pending, the petitioner should be processed on
20   the I-130 application, not the I-129/K-3 visa.  Accordingly, receipt of the approved
     I-130 visa petition by the State Department will stop any processing of the I-
21   129/K-3 visa as the I-130 renders the applicant ineligible for an I-129/K-3 visa.

22          [2]The I-129/K-3 was refused because further administrative processing
     needed to be performed in connection with the visa application.  The refusal was
23   not based on a finding that Plaintiff Rustom was ineligible for the visa.

24          [3]As Plaintiffs, through their counsel, indicated to government counsel that
     they never received the standard letter reflecting visa refusal, the State Department
25   reissued the letter on February 14, 2008. See Declaration of Indira Cameron-Banks
     (Cameron-Banks Decl.) ¶ 5, attached hereto as Exhibit 5.

26
27          [4]Government counsel has informed Plaintiffs' counsel of the fact that no
     such return has been made and that the State Department has no intention of
28   making such a return.  Moreover, Defendants reiterated this assertion in the Reply
     brief filed in connection with Defendants' First Motion to Dismiss.  See Cameron-
     Banks Decl. ¶ 5

                                        5

1  for the I-129/K-3 visa.  See Cameron-Banks Decl. ¶ 3.  Plaintiffs' counsel

2  confirmed that Plaintiff Rustom would prefer entering the United States on the I-

3  130 visa instead of the non-immigrant I-129/K3 visa.  See Id.  Therefore, on

4  January 24, 2008, CIS, based on an agreement with Plaintiffs' counsel, made an

5  exception to its policy of holding the I-130 visa petition until the petitioner enters

6  the country and applies for adjustment of status, and forwarded the I-130 visa

7  petition on to the National Visa Center.  See I-797 Notice of Action, attached

8  hereto as Exhibit 6; See also Kono Decl. ¶ 5; Cameron-Banks Decl. ¶ 4  The

9  National Visa Center has begun processing Plaintiff Rustom's I-130 visa and

10  recently assigned it the following case number: VAC 2008 545 003.  The National

11  Visa Center will soon be sending Plaintiffs the immigrant visa forms and

12  instructions for the I-130 visa.  The I-130 visa application will be processed at the

13  United States Consulate in Montreal, Canada, which handles all immigrant visas

14  for Canada.

15      On December 11, 2007, Defendants moved to dismiss the October 12, 2007

16  Complaint because the claims against CIS that were moot and the claims against

17  the State Department that were barred from judicial review by the doctrine of

18  consular non-reviewability.  The Court denied Defendants' Motion as moot

19  because Plaintiffs sought leave to file a First Amended Complaint ("FAC"), which

20  the Court deemed lodged as of February 27, 2008.  On March 12, 2008, Plaintiffs

21  served the FAC on Defendants.  The FAC maintains the jurisdictional defects

22  contained in the initial Complaint with respect to the claims asserted against CIS

23  and the State Department.  The FAC also asserts improper claims against the FBI.

24      In the FAC, Plaintiffs seek to compel CIS and the State Department to

25  complete adjudication and processing of both the I-129/K-3 and the I-130 visa

26  applications and issue travel documents to Plaintiff Rustom.  See FAC, ¶¶21 and

27  85.  Plaintiffs also seemingly seek to compel CIS to forward the I-130 to the State

28  Department.  See Id., ¶88.  Plaintiffs also seek to compel the State Department to

1   issue a written refusal of the I-129/K-3 visa.  <u>See</u> Id., ¶¶86-87.  Lastly, Plaintiffs

2   claim that the FBI is somehow interfering with the State Department's issuance of

3   the I-129/ K-3 and I-130 visas and seek to enjoin this alleged interference.  <u>See</u> Id.,

4   ¶¶ 35 39, 68 and 84.  As explained above, however, the I-129/K-3 nonimmigrant

5   visa has been refused and the standard letter reflecting that refusal has been sent to

6   Plaintiffs.  <u>See</u>, OF-194, Exhibit 3.  Further, Plaintiff Rustom is no longer eligible

7   for the I-129/K-3 visa and the State Department has only recently received and

8   begun processing her I-130 visa application.

9                                          **III.**

10                                      <u>**ARGUMENT**</u>

11          Plaintiffs have the burden of establishing the jurisdiction of this Court.

12   <u>Stock West, Inc. v. Confederated Tribes</u>, 873 F.2d 1221, 1225 (9th Cir. 1989)

13   (noting that a federal court is presumed to lack subject matter jurisdiction until the

14   contrary affirmatively appears).  Even where a plaintiff's pleadings are  apparently

15   sufficient to establish some basis of jurisdiction, a Rule 12(b)(1) motion may allege

16   that there is an actual lack of jurisdiction.[5]  <u>See</u>, <u>e.g.</u> <u>Thornhill Publ'g Co. v. Gen.</u>

17   <u>Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979); <u>Roberts v. Corrothers</u>, 812

18   F.2d 1173, 1177 (9th Cir. 1987). When considering a motion to dismiss pursuant to

19   Rule 12(b)(1), the district court may review evidence outside the pleadings to

20   resolve factual disputes concerning the existence of jurisdiction without converting

21

22          [5]Plaintiffs attempt to ground jurisdiction in the INA, the APA, the
       mandamus statute, and a 18 U.S.C. § 245, a criminal statute.  For the reasons
23       discussed in this motion, these statutes do not confer jurisdiction over the claims
       asserted in the FAC.

24
            Furthermore, Plaintiffs' attempt to establish jurisdiction pursuant to the Fifth
25       Amendment fails because "[i]n the immigration context, courts have long
       recognized the power to expel or exclude aliens as a fundamental sovereign
26       attribute exercised by the Government's political departments largely immune from
       judicial control."  <u>Munoz v. Ashcroft</u>, 339 F.3d 950, 954 (9th Cir. 2003) (quoting
27       <u>Shaughnessy v. United States ex rel. Mezei</u>, 345 U.S. 206, 210, 73 S.Ct. 625, 97
       L.Ed. 956 (1953)). Moreover, [s]ince discretionary relief is a privilege created by
28       Congress, denial of such relief cannot violate a substantive interest protected by the
       Due Process clause." <u>Munoz</u>, 339 F.3d at 954.

1  the motion to one for summary judgment.  See, e.g., Land v. Dollar, 330 U.S. 731,

2  735 n.4, 67 S. Ct. 1009, 1011 n.4, 91 L. Ed. 1209 (1947) ("when a question of the

3  District Court's jurisdiction is raised ... the court may inquire by affidavits or

4  otherwise, into the facts as they exist."); Biotics Research Corp. v. Heckler, 710

5  F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings

6  did not convert a Rule 12(b)(1) motion into one for summary judgment).

7  **A.      The Claims Asserted Against CIS Are Moot And Should Be Dismissed**

8  **         For Lack of Jurisdiction.**

9         Article III of the Constitution allows federal courts to  adjudicate only cases

10  or controversies that are *actual* and *ongoing*.  Lewis v. Continental Bank Corp.,

11  494 U.S. 742, 477, 110 S.Ct. 1249, 1253, 108 L.ed.2d 400 (1990).  Moreover, the

12  case-or-controversy requirement exists throughout all stages of federal judicial

13  proceedings  and the parties must continue to have a "personal stake" in the

14  outcome of the case throughout the proceedings. Id. at 477-78; See Abdala v. INS,

15  488 F. 3d 1061, 1063 (9th Cir. 2007).  Once a controversy is no longer "actual or

16  live" or the parties lose their personal stake in the outcome of the action, the case

17  becomes moot because the Court can no longer provide the parties with any

18  effective relief.  Foster v. Carson, 347 F.3d 742, 746 (9th Cir. 2003).  The Court

19  does not have jurisdiction to entertain mooted claims and should dismiss them.

20  Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir. 1999); see also

21  Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 521 (9th Cir. 1999); Public Util.

22  Comm'n of the State of Cal,100 F.3d 1451, 1458 (9th Cir. 1996).  When injunctive

23  or declaratory relief is sought, the Court must determine "whether the facts alleged,

24  under all the circumstances, show that there is a substantial controversy, between

25  parties having adverse legal interests, of sufficient immediacy and reality to

26  warrant the issuance of a declaratory judgment or injunctive relief." Public Util.

27  Comm'n of the State of Cal., 100 F.3d at 1458 (quoting Preiser v. Newkirk, 422

28  U.S. 395, 402, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975) ).

In this case, Plaintiffs cannot establish any controversy whatsoever involving CIS.  This Court already dismissed the previous action filed by Plaintiffs requesting the very same relief sought in this case, specifically the adjudication of the I-129/K3 and I-130 visa applications, because CIS had completed the requested action, mooting the action.  See El-Arbi v. Poulos, case no. CV 06-7728 GAF (PLAz), attached hereto.  Further, CIS forwarded the I-130 to the State Department, mooting the additional requests for mandamus relief against CIS asserted in this second action.  See Kono Decl. ¶ 5.  Contrary to the unsupported assertions made by Plaintiffs, CIS has no further duties or responsibilities in connection with the processing of Plaintiff Rustom's visas as both visa petitions were adjudicated, approved, and forwarded on to the State Department.  Moreover, the State Department **has not returned, and has never indicated that it would return** the I-129/K-3 visa petition to CIS for any determination whatsoever regarding Plaintiff Rustom's eligibility for the non-immigrant visa**.  See Id., ¶ 7.

Moreover, as explained to Plaintiffs' counsel and discussed above, Plaintiff Rustom is no longer eligible for the I-129/K-3 visa because CIS has already forwarded, and the State Department has begun processing, the I-130 visa petition.  At this time, CIS cannot perform any action on the I-129/K3 or the I-130 visa petitions that would in any way impact the State Department's decision to issue or refuse Plaintiff Rustom a visa to enter the United States.  Thus, there is no action which the Court can compel CIS to perform with respect to the visa petitions.  Plainly stated, the Court cannot grant Plaintiffs any effective relief with respect to CIS.  The claims against CIS are moot, consequently, the Court has no jurisdiction over them and should dismiss them pursuant to Federal Rule of Civil Procedure 12(b)(1).

///

///

**B.     The Doctrine of Consular Non-Reviewability Bars the Court From**

1  **<u>Reviewing the State Department's Refusal of the I-129/K-3 Visa.</u>**

2      It is well-established that the decision of a consular officer to grant or deny

3  a visa is not subject to court review.  <u>See, e.g.</u>, <u>Li Hing of Hong Kong, Inc. v.</u>

4  <u>Levin</u>, 800 F.2d 970 (9th Cir. 1986); <u>Ventura-Escamilla v. INS</u>, 647 F.2d 28 (9th

5  Cir. 1981).  This well-settled doctrine is supported by Supreme Court precedent,

6  the legislative history of the INA, and the terms of the statute itself.

7      "The Supreme Court has repeatedly affirmed that the legislative power of

8  Congress over the admission of aliens is virtually complete."  <u>Ventura</u>, 647 F.2d at

9  30 (citing <u>Fiallo v. Bell</u>, 430 U.S. 787, 792 (1977)).  Moreover, the scope of

10  judicial review over consular visa denials is necessarily limited because they

11  involve matters affecting international relations and national security, which are

12  vested in the Executive and Legislative branches of government.  <u>Ventura</u>, 647 F.2d

13  at 30.  There is no statutory or other authority that authorizes judicial review of a

14  consular officer's decision to deny a visa.[6]

15      The consulate in Vancouver refused to grant Plaintiff Rustom the I-129/K-3

16  visa and has issued the standard letter reflecting this refusal.  <u>See</u> Dybdahl Decl. ¶

17  4; <u>see also</u> OF-194, Exhibit 3.   Plaintiff Rustom  is no longer eligible for an I-

18

19      [6] Notably, Court decisions upholding the nonreviewability of the consular

20  visa adjudication process predate the INA:

21      Whether the consul has acted reasonably or unreasonably, is not for us to
    determine.  Unjustifiable refusal to vise a passport may be ground for
    diplomatic complaint by the nation whose subject has been discriminated

22  against . . . It is beyond the jurisdiction of the court.

23  <u>United States ex rel. London v. Phelps</u>, 22 F.2d 288, 290 (2nd Cir.), cert. denied,

24  276 U.S. 630 (1928); accord <u>United States ex rel. Ulrich v. Kellog</u>, 30 F.3d 984,
    986 (D.C. Cir. 1929).  See also <u>Hsieh v. Kiley</u>, 569 F.2d 1179, 1881 (2nd Cir.),

25  <u>cert</u>. <u>denied</u>, 439 U.S. 828 (1979) ("It is settled that the judiciary will not interfere
    with the visa-issuing process"); <u>Burrafato v. U.S. Dept. Of State</u>, 523 F.2d 554,

26  555 (2nd Cir. 1975), <u>cert. denied</u>, 424 U.S. 910 (1976)).

27      Further as highlighted by the Court in <u>Ventura</u>, the legislative history of the
    INA establishes Congress considered *and rejected* the suggestion that the consular

28  officer's decision be administratively or judicially reviewable.  <u>Ventura</u>, 647 F.2d 30-
    31.

129/K-3 visa because, as specifically requested by Plaintiffs, her I-130 was forwarded to the State Department.[7]  See Kono Decl. ¶ 5.  Accordingly, the doctrine of consular non-reviewability precludes judicial review of the State Department's decision to refuse Plaintiff Rustom an I-129/K-3 visa and the claims asserted against the State Department about this non-immigrant visa should be dismissed for lack of jurisdiction.[8]

///

///

**C.    Plaintiffs Fail to Establish Jurisdiction or State A Claim Against the State Department Based on the I-130 Visa Application.**

---

[7] See footnote 1, supra.

[8] In addition, the Court lacks subject matter jurisdiction over such claims because Plaintiffs lack standing to challenge the State Department's refusal of the I-129/K-3 visa.  See Warren v. Fox Family worldwide, Inc., 328 F.3d 1136 (9th Cir. 2003)(dismissal for lack of subject matter jurisdiction is appropriate if plaintiff lacks standing).   Standing is a critical jurisdictional limitation that stems from the case-or-controversy requirement of Article III discussed above.  See  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130. 119 L. Ed. 2d 351 (1992). Plaintiffs cannot establish standing to sue and litigate in federal court, unless they have a "case or controversy" within the meaning of  Article III. Moreover, to establish a "case or controversy", plaintiffs are required to allege injury "fairly traceable to defendants' alleged conduct and likely to be redressed by the requested relief."  Allen v. Wright, 468 U.S. 737, 751, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984).

Neither one of the Plaintiffs has standing to challenge the State Departments' refusal of Plaintiff Rustom's I-129/K-3 visa.  Bruno v. Albright, 197 F.3d 1153, 1163-64 (D.C. 1999) (neither the alien seeking review of adverse consular decisions or the United States citizen sponsoring the alien has standing to challenge the denial or revocation of the alien's visa.)   Am. Acad. of Religion v. Chertoff, 2007 WL 4527504 at * 4 (S.D.N.Y. December 20, 2007) (foreign national has no standing to challenge consular denial of non-immigrant visa); Afshar v. Everitt, 2005 WL 2898019 at *1 (W.D.Mo. Oct. 31, 2005)(plaintiff lacked standing to claim that federal agencies improperly processed his fiancée's visa.); Ben-Issa v. Reagan, 645 F.Supp. 1556 (W.D.Mich. 1986) (both petitioning citizen spouse and alien spouse lacked standing to challenge consular decision denying the alien's immigrant visa application.)

1       The State Department has only recently received and begun processing

2   Plaintiff Rustom's I-130 visa application and it is too early in this process for the

3   State Department to render a decision issuing or refusing the visa.  Notably,

4   Plaintiff Rustom has not been interviewed in connection to the I-130 visa

5   application, a critical step in the State Department's adjudication of such visas.

6   See INA § 222 (8 U.S.C. § 1202(e)); 22 C.F.R. § 42.62; 9 FAM 42.62 N1-N2.

7   Further, due to the recent receipt of the I-130 visa application, the State

8   Department has not yet sent the information and instructions packet to Plaintiffs

9   concerning the adjudication process for an I-130 visa application.  Moreover, the

10   State Department is in no position at this time to render any decision, either to

11   issue or refuse, about Plaintiffs' I-130 visa application.

12       Plaintiff states that this Court has jurisdiction to compel the Defendant

13   federal agencies, and the State Department in particular, to act pursuant to the

14   mandmus statute, 28 U.S.C. § 1361 and the APA, 5 U.S.C. § 555 *et seq*.  Given the

15   current status of Plaintiff Rustom's I-130, Plaintiffs cannot allege facts in

16   connection with the processing of the I-130 that would bring Plaintiffs' claim

17   within the jurisdictional scope of either statute.

18       The mandamus statute, 28 U.S.C. § 1361 allows the Court "to compel an

19   officer or employee of the United States or any agency thereof to perform a duty

20   owed to the plaintiff."  A claim for mandamus relief is "in essence" a claim for

21   relief under the Administrative Procedure Act ("APA"), specifically 5 U.S.C. §

22   706(1), which allows the Court to compel "agency action unlawfully withheld or

23   unreasonably delayed."  See Independence Mining Co. V. Babbit, 105 F.3d 502,

24   507 (9th Cir. 1997).  While similar, the Court's assessment as to whether Plaintiffs

25   have stated a claim for which relief can be granted under the mandamus statute

26   differs from the assessment performed in connection with the APA.  Id.  Plaintiffs

27   are asking this Court to expand the well-established limitations on its authority

28

1  both to issue mandamus relief and to review administrative agency action under the

2  APA.

3        Even assuming, arguendo, that the Court has jurisdiction under 28 U.S.C. §

4  1361, Plaintiffs fail to state a claim for mandamus relief, and their claims for such

5  relief, accordingly, should be dismissed.  Johnson v. Knowles, 113 F.3d 1114,

6  1117 (9th Cir. 1997) (Under Federal Rule of Civil Procedure 12(b)(6), a complaint

7  must be dismissed when a plaintiff's allegations fail to state a claim upon which

8  relief can be granted); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th

9  Cir. 1990) (Dismissal pursuant to Rule 12(b)(6) is appropriate where there is a

10  "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under

11  a cognizable legal theory.").  Courts have consistently recognized that "the remedy

12  of mandamus is a drastic one, to be invoked only in extraordinary situations."

13  Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S. Ct. 188, 190, 66 L.

14  Ed. 2d 193 (1980).  A district court may issue a writ of mandamus under 1361

15  "only when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant

16  official's duty to act is ministerial, and 'so plainly prescribed as to be free from

17  doubt'; and (3) no other adequate remedy is available."  Barron v. Reich, 13 F.3d

18  1370, 1374 (9th Cir. 1994)(quoting Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir.

19  1986)); see also Pittston Coal Group, 488 U.S. at 121. Mandamus cannot be used

20  to compel or control a discretionary duty.  See Nova Stylings Inc. v. Ladd, 695

21  F.2d 1179, 1180 (9th Cir. 1983).  Neither does mandamus lie to review the

22  discretionary acts of government officials.  Id. at 816.

23        The current status of Plaintiff Rustom's pending I-130 visa application is far

24  from drastic or extraordinary.  The State Department received the approved I-130

25  petition from CIS, promptly assigned it a case number, and will be sending

26  Plaintiffs the packet of instructions and information for the processing of the visa

27  application.  At this time Plaintiffs do not have a "clear and certain" right to have

28  the I-130 adjudicated by the State Department.  Moreover, the consular officer's

duties with respect to processing the I-130 at this time are discretionary, and not ministerial or plainly prescribed.  See e.g. INA § 221(g) (8 U.S.C.§ 1201(g)), 22 C.F.R. § 42.41, 22 C.F.R. § 42.62.

Judicial review under the APA is specifically precluded where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2); Brock v. Pierce County, 476 U.S. 253, 260 n.7, 106 S. Ct. 1834, 1839 n.7, 90 L. Ed. 2d 248 (1986).  As discussed above, the State Department's processing of Plaintiff Rustom's I-130 visa application is committed to the consular officer's discretion.  Consequently, there is no standard against which the Court can measure whether the agency has acted "within a reasonable time," 5 U.S.C. § 555(b), or "unreasonably delayed" a decision on the I-130.  Notwithstanding this fact, the State Department, which only just received the I-130 visa petition from CIS, has not interposed any delay whatsoever in the processing of the I-130 visa application.[9]

---

[9] In order to determine whether relief is appropriate under the APA to compel *delayed* agency action, the Court should examine the factors first articulated in Telecomm. Research and Action Ctr. (T.R.A.C.) v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984).  See Independence Mining Co., 105 F.3d at 507.  These factors are as follows: "(1) the time agencies take to make decisions must be governed by a 'rule of reason,' . . . (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason, . . . (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake . . .(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority, . . . (5) the court should also take into account the nature and extent of the interests prejudiced by delay, . . . and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed." (Citations omitted.)  T.R.A.C., 750 F.2d at 80.

The rule of reason dictates that the one and one-half months that has passed since the State Department received the approved I-130 visa petition from CIS hardly constitutes an unreasonable delay.  Further, and more importantly, the reason that the State Department has not rendered a decision on the I-130 visa application is not due to any impropriety, but due to the fact that the eligibility requirements for the I-129/K-3 non-immigrant visa applications have resulted in the CIS policy of not forwarding the I-130 visa to the State Department when there is an approved I-129/K-3 petition.  See footnote 1, supra.

In sum, the circumstances surrounding the State Department's processing of the I-130 do not provide a basis for the Court to exercise jurisdiction over this matter pursuant to either the mandamus statute or the APA.  Further, if the Court were to assume such jurisdiction, the Court would ultimately be unable to provide Plaintiffs with any effective relief as they fail to state a claim, under either the mandamus statute or the APA, for which mandamus relief can be granted.

**D.    The Court Lacks Jurisdiction to Compel the FBI to Perform Any Actions Related to the Visa Petitions and Plaintiffs Fail to State A Claim For Mandmus Relief Against the FBI.**

Given the current status of Plaintiff Rustom's visa applications, Plaintiffs fail to show how the FBI could, or would, have any impact on the visa applications.  Plaintiff Rustom's I-129/K-3 non-immigrant visa has been refused, she is no longer eligible for such a visa *due to Plaintiffs' own request* to have the I-130 forwarded to the State Department, and there is nothing that any of the Defendants, including the FBI, are doing or can do to interfere with the issuance of that the non-immigrant visa.  See Cameron-Banks Decl. ¶ 3. Additionally, the State Department has only just begun processing the I-130 visa application.  The State Department has yet to send the information and instructions to Plaintiffs and to interview the Plaintiffs.  In sum, given the lack of possible, much less actual, involvement by the FBI at the current time in the processing of Plaintiff's I-130 visa application, there is no effective mandamus relief that the Court can grant against the FBI.[10]

_____

[10] The exhibits attached to Plaintiffs' Opposition to the Defendants Motion to Dismiss the October 12, 2007 Complaint fail to show any interference or other involvement by the FBI.  At most, they show an unsupported assertion by an individual that he might be able to use a contact to perhaps "nudge" the processing of Plaintiffs' application(s).  The individual concedes that he does not "even have the first shred of info" regarding on Plaintiff Rustom.  See Plaintiffs' Opposition to Defendants Motion to Dismiss, Exhibit A at page 3.)

Additionally, the Ninth Circuit Court has held that mandamus relief is inappropriate against non-consular officials in situation similar to the instant action.  Patel v. Reno, 134 F.3d 929, 933 (1997); see also Luo v. Coultice, 178 F. Supp.2d 1135, 1139 (C.D. Cal. 2001).  In Patel, Plaintiffs sought mandamus relief against the State Department to render a decision on visa applications, the processing of which had been suspended, not refused, by the State Department for an extended amount of time.  Plaintiffs also sought mandamus relief against other federal defendants, specifically the Attorney General, Secretary of State and INS, to enjoin them from "hindering" the State Department's issuance of the visas.   The Patel court remanded the matter for the district court to order the State Department to render a decision on the visa and affirmed summary judgment in favor of the other federal defendants.  In doing so, the Court, citing 8 U.S.C. §§ 1101(a)(9), (16) and 1201(a), affirmed that only State Department consular officials have the power to issue visas.  Patel, 134 F.3d at 933.  The Court further stated that mandamus was an inappropriate remedy with respect to these defendants because it would not involve a nondiscretionary, ministerial duty.  Id.  Similarly, mandamus relief against the FBI in this case would be improper and accordingly, Plaintiffs claims against the FBI should be dismissed.

**E.**     **Plaintiffs Cannot Assert A Claim For Relief Pursuant to Criminal Statute 18 U.S.C. § 245.**

Plaintiffs assert jurisdiction under 18 U.S.C. § 245, a criminal statute regarding federally protected activities.  The FAC seemingly alleges that the FBI, along with the other defendants, have an obligation to comply with this statute and have somehow acted in a manner that contravenes the statute.  This argument is unavailing as it is well-settled that criminal statutes cannot serve as basis for civil liability.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980); see also Dougar v. Coughlin, 613 F. Supp. 849, n.1 (S.D.N.Y. 1985) (finding no private right of

1   action  pursuant to 18 U.S.C. § 245); <u>Marshall v. Johnson</u>, 2005 WL 1214254 at *5

2   (W.D.Ky. May 19, 2005), (finding that 18 U.S.C. § 245 does not give rise to any

3   civil cause of action); <u>Paulson v. Carter</u>, 2005 WL 35856 (D.Or. Jan. 6, 2005),

4   (striking Plaintiff's cause of action pursuant to 18 U.S.C. § 245 because criminal

5   statutes do not provide a private cause of action.)   Accordingly, any and all claims

6   asserted against the Defendants, and the FBI in particular, should be dismissed

7   insofar as they are improperly grounded in 18 U.S.C. § 245.

8

9                                               **V.**

10

                                          **<u>CONCLUSION</u>**

11

12          For the foregoing reasons, the Court should dismiss the FAC pursuant to

13   Federal Rules of Civil Procedure 12(b)1 and 12(b)(6) for lack of subject matter

14   jurisdiction and failure to state a claim.

15

16          Dated: March 17, 2008

17                                          Respectfully submitted,

18                                          THOMAS P. O'BRIEN
                                            United States Attorney
19                                          LEON W. WEIDMAN
                                            Assistant United States Attorney
20                                          Chief, Civil Division
21

22                                          _____
                                                        /s/
23                                          INDIRA J. CAMERON-BANKS
                                            Assistant United States Attorney
24                                          Attorneys for Federal Defendants

25

26

27

28