Robert J. DuPont, State Bar No. 176621
WILNER & O'REILLY, APLC
17777 Center Court Drive Suite 200
Cerritos, CA 90703
Tel:    562 207-6789
Fax:    562 207-6788

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAREEF EL-ARBI, USC; ZAINAB K. RUSTOM, WAC 06-051-52401 MSC 06 075 26673<br><br>            Plaintiffs,<br><br>  v.<br>CHRISTINA POULOS, District Director California Service Center, USCIS ; ROBERT M. COWAN, Director National Benefits Center; EMILIO GONZALEZ, COMMISSIONER, USCIS; MICHAEL CHERTHOFF, Secretary Department of Homeland Security; DEPARTMENT OF STATE ; CONDOLEEZZA RICE Secretary of State; LEWIS LUKENS, Vancouver Consulate Consul General;  PATRICIA J. RAIKES,  Consular Chief U.S. Consulate in Vancouver;<br><br>Defendants.<br>_____ | Case No CV 07-06646 GAF (PLAx)<br><br>OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br><br>Hearing Date: April 7, 2008<br>Time of Hearing:  9:30 a.m.<br>Courtroom:  740<br>Before:  Judge Gary Allen Feess |

## INTRODUCTION

Plaintiffs filed this action seeking adjudication of both a K-3 non-immigrant visa and an I-130 immigrant visa which have been pending since December 2005.   Plaintiffs

Shareef El Arbi and his wife, Mrs. Zainab Rustom have by virtue of this delay been separated as man and wife for the past two years and three months.  The delays by USCIS and Department of State have no reasonable justification and none is offered by Defendants.  Plaintiffs also allege in their First Amended Complaint allegations of interference by a third party law enforcement agency, the Federal Bureau of Investigation ("FBI") in promoting these delays in an effort to "recruit" Shareef El Arbi as an informant in the Muslim religious community.

Defendants offer jurisdictional arguments based on mootness and consular non-reviewability as the basis for the motion to dismiss.  Plaintiffs will show that there is a live case in controversy, that there is jurisdiction to review delay cases both with USCIS and the Department of State and that the FBI has emerged as a Defendant with regard to efforts to delay the adjudication of Plaintiffs' pending marriage based petitions.

Defendants also offer facts on the record which are material to deciding this motion and are disputed.  This dispute concerns the timing of a decision rendered on the K-3 visa and whether this visa is subject to return to the USCIS.
Plaintiffs also oppose this motion based on the fact that they amended the pleadings to reflect the involvement of the Federal Bureau of Investigations ("FBI") for its activities actively obstructing adjudication either directly or through delay of its required background check.

Defendants' motion to dismiss is not persuasive, failing to present undisputed evidence of actions taken by USCIS or the Department of State to resolve the case. This motion is pre-mature, seeking dismissal prior to the completion of discovery, which would determine what if any action has been taken by the Department of State, whether USCIS retains jurisdiction of a "refused" K3 visa and whether FBI or other agency interference and obstruction is at the root of this delay.  Plaintiffs have already demanded and Defendants refused to provide preliminary disclosures and respond to propounded discovery.

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**STATEMENT OF FACTS**

    A. **Procedural History.**

        Plaintiffs initially sought relief in this court on December 6, 2006. The court, on its own motion, dismissed the case following USCIS approval and forwarding of the K-3 Visa to the Department of State.   Following another 10 months of delay in adjudicating the K-3 visa and the I-130 immigrant visa, Plaintiffs re-filed this action on October 12, 2007  and USCIS approved the I-130 immigrant visa petition.  In February 2008 Plaintiff named Defendants FBI and Director Robert Mueller to its First Amended Complaint.

    B. **Adjudication of the K-3 Non-Immigrant Visa**.

        The Department of State presents the Declaration of Chloe' Dybdahl, an "attorney advisor" to the Visa Office, Bureau of Legal affairs. In her statement, Ms Dybdahl relates her interpretation of the "Consular Consolidated Database" reflects an officer "refused the non-immigrant visa application of Zainab K. Rustom under INA §221(g)".  It also relates that this refusal occurred on or about August 29, 2007, two days after the interview.

    The sworn declarations of SHAREEF EL-ARBI and ZAINAB K. RUSTOM state no indication of a refusal was made, that the consular officer related it would take 4 to 6 weeks for internal review and security checks and that they would be contacted for the purpose of sending in the passport for a visa.    (See Exhibit A and B declaration of Plaintiffs Shareef El Arbi and Zainab K. Rustom, and Ex. C letter of Consular Officer Nguyen) Plaintiffs also relate that they made an e-mail inquiry to the consulate in Vancouver to which a response was sent on September 18, 2007.  The Consular officer in the "K Visa Department" stated, well after the alleged August 29, 2007 refusal date, that "your visa application has been delayed for required vetting by security and law enforcement agencies….. we can assure you that the clearance request is in the hands of the appropriate agencies.: ….Please rest assured that we will contact  you immediately

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

when the clearance is complete and we are ready to proceed with your visa application."
(See Ex. D to Declaration of Robert J. DuPont)

Only now, after these declarations were first presented on February 10, 2008 do we have the issuance of a February 14, 2008 "decision" which still does not answer the question as to whether this case has or will be referred to USCIS.

### C. **Adjudication of the I-130 Immigrant Visa Petition.**

Plaintiff has sought adjudication of the I-130 immigrant visa petition and consular processing of the visa for travel documents since December of 2005.  Following the filing of Plaintiff's second writ of mandamus complaint, in October of 2007 this case was finally adjudicated and forwarded to the Department of State on or about January 24, 2008.  (See Ex. E to Declaration of Robert J. DuPont transfer receipt and approval notice and Defendant's Ex. 4 Dec. of Yumiko Kono)

### D. **Interference of Federal Bureau of Investigation.**

Plaintiff Shareef El-Arbi was by various persons associated with the law enforcement and the FBI . (See Ex. A Declaration of Shareef El-Arbi) These individuals claim knowledge of Plaintiff's pending immigrant visa petitions for his wife and also claim the ability to "resolve"  the pending immigration delay if he agrees to act as an informant.    This indicates interference by the FBI and obstruction of the adjudication of the non-immigrant and immigrant visa petitions with the Department of State.   This obstruction appears to be confirmed in the Consular officer's e-mail of September 18, 2007 which states "your visa application has been delayed for required vetting by security and law enforcement agencies" . (Ex. D)   Plaintiff Arbi also visually confirmed presence of FBI papers in his file held at the consulate at the time of the K-3 interview on August 27, 2007.

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**ARGUMENT**

**I.  THIS COURT HAS NOT LOST ITS JURISDICTION**

**A.  MOOTNESS**

Defendants claim that as a result of the approval and forwarding of the I-130 immigrant visa by USCIS to the Department of State that this case is moot and should be dismissed for a lack of claim or controversy.   Plaintiffs do not dispute that the I-130 immigrant visa for Plaintiffs has been approved and forwarded to the Department of State and have notices to that effect.  Plaintiffs however believe USCIS is still a relevant party to this action if, as Defendants now claim, the K-3 non-immigrant visa was refused.  If in fact that has happened Defendants are required to take certain steps in connection with that refusal.

22 C.F.R. §121(b) states "when a consular officer knows or has reason to believe a visa applicant is ineligible and refuses the issuance of a visa, he or she must inform the alien of the ground(s) of ineligibility" Plaintiffs were provided with notice from the Consulate regarding disposition only after the initial filing of this opposition on February 10, 2008.   Moreover where, as here Defendants claim a refusal under the vague provisions of INA 221(g) which describes inadmissibility but not the ground for inadmissibility the Foreign Affairs Manual procedural notes require :   "A written notification must be given in the case of an NIV refusal based on Section 214(b) or 221(g) of the INA" (9 FAM 41.121 Pn 1.2-3)

In these cases, according to the provisions of the foreign affairs manual, the case file must also be returned to USCIS.  9 FAM 42.43 n2 states " You will suspend action and return the petition to USCIS through NVC if:  You know or have reason to believe that , despite the absence of fraud, due to changed circumstances or clear error in approving the petition the beneficiary is not entitled to the approved status. "

What is established here is that USCIS has an ongoing role in the alleged refusal of Plaintiff's visa and to dismiss USCIS from this action at this point creates a situation where there is a pattern of actionable conduct which is avoiding review due to dismissal

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

of the case every time the Defendant agencies transfer the file from one to the other.  (See *U.S. v. W.T. Grant Co*, 345 U.S. 629 (1958) wrongful act likely to re-occur; *Sosna v. Iowa* 419 U.S.  393 (1975) conduct capable of repetition yet evading review;   *Martinez v. Reich* 934 F. Supp. 232, 235-236 (S.D. Tex 1996) immigration application to H-2A visa program) Plaintiffs anticipate not only the potential return of the K-3 visa but similarly possible refusal and return to USCIS of the I-130 immigrant visa underlining the importance of retaining the USCIS as a party to this action.

## II.    Defendant Federal Bureau of Investigations and Director Robert Mueller are Properly Named Parties to this Action.

Defendants state that by alleging criminal acts of the FBI, Plaintiff cannot proceed against that agency in this action.  The criminal acts of the FBI however do not insulate it from injunctive orders to cease its unlawful interference nor relief in the form of Mandamus through the auspices of the Administrative Procedures Act with regard to delays in completing criminal background checks.

The FBI and its agents contacted Plaintiff Shareef El-Arbi and claims were made by law enforcement agents concerning their influence on his wife's pending visas. (See Ex. A El-Arbi's Declaration) .  Inclusion of the FBI as a party for the purposes of injunctive relief and discovery into the exact nature of this agency's role in effecting delay is necessary for a fair adjudication of this case.

The role of the FBI in this case is evident from FBI related questions at the time of the I-130 interview in San Diego, contacts with Plaintiff El-Arbi and through FBI documents in the State Department file.  What is also evident is that the FBI should not be able to interfere with conferring an immigration benefit to Plaintiffs for its own Agency goals (I.E. recruitment of informants) and its role should be limited to investigation or reporting of any illegal conduct which would disqualify an applicant for immigrant benefits.  This interference with a benefit is actionable under 18 U.S.C. §245.  Since these allegations against the FBI were first made on February 10, 2008 no

statement is offered regarding the interference or non-interference by the FBI in adjudication of these two visa petitions.

This court also has jurisdiction with regard to its alleged violation of the Administrative Procedures Act for delays in providing a criminal background check of the applicant, or indirectly in seeking to negatively influence the prosecution of this case now at the Canadian Consulate in Vancouver. (see *Victor Mocanu v. Robert S. Mueller* (2008 U.S. Dist. LEXIS 10122 February 8, 2008 Dist Ct. Penn) Only Defendant's good faith production of preliminary disclosures and responses to Plaintiff's discovery requests will inform this court the extent to which the FBI has engaged in unlawful conduct which has contributed to delays in processing of the two visa applications.

## III.   Non-Reviewability of Department of State Decisions Is Not Applicable for Cases of Prolonged Inaction By Consular Officers.

Defendants cite to doctrines of Consular non-reviewability, however this doctrine is not applicable when the complaint rests and remains on the issue of prolonged delay. The Ninth Circuit under *Patel v. Reno* 134 F.3d 929 N. 1 (9th Cir. 1997) allows for a mandamus action to compel a consular officer to decide an immigrant visa case. Defendants also cite to *Patel* however they completely misconstrue the meaning of the case concluding that the ultimate denial of *Patel's* complaint supported doctrines of non-reviewability with regard to compelling action in through mandamus. The court in *Patel* explicitly states

"Normally a consular official's discretionary decision to grant or deny a visa petition is not subject to judicial review.… However, when the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists.1 See Mulligan v. Schultz, 848 F.2d 655, 657 (5th Cir.1988)"

The ultimate denial of the case was on procedural grounds due to Plaintiff's failure to name an individual defendant with the authority to grant or deny a visa.  With *Patel* in mind, Plaintiff Atendido names two persons with power to render a decision on this case Defendants LEWIS LUKENS, Vancouver Consulate Consul General, and PATRICIA J. RAIKES, Consular Chief.

**IV. Defendants' FRCP 12 (b)(6) Motion To Dismiss Is Pre-Mature and Necessarily Involves Factual Issues Beyond the Pleadings**:

A complaint should not be dismissed for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L. Ed. 2d 80, 84 (1957)  The provisions of FRCP Rule 12 (b)(6) provide that when a district court is presented with a 12(b)(6) motion to dismiss a plaintiff's complaint,

"if . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

When in fact such a motion is presented to the court questions of fact are to be construed in favor of Plaintiff.  Defendant has alleged USCIS no longer plays an active role in the adjudication of the K-3 and or I-130 immigrant visa.   Defendants' arguments are based on the apparent adjudication of the I-130 immigrant visa and "refusal" of the K-3 non-immigrant visa.

While Plaintiffs do not dispute the adjudication of the I-130 immigrant visa which appears to be confirmed with an approval notice and document transfer documents the "refusal" of the K-3 is in dispute.       The status of the K-3 is relevant to the ongoing role of the USCIS based upon its statutory role as the reviewer of visas which are refused for cause by the Department of States.  As stated above 9 FAM 42.43 Note 2 requires

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

return of the visa to USCIS.  This will apply to either the present alleged refusal of the K-3 or future potential refusal of the I-130 immigrant visa.   Further Plaintiffs anticipate a dispute of fact with regard to allegations of deliberate delay of the immigrant visa petitions at the behest of a third agency (FBI) which provides additional grounds of jurisdiction for this court.

This case cannot be resolved by a 12 (b)(6) motion, as it requires an examination of the facts by an objective fact finder.   The facts thus far to the extent they are contested must be decided in a light most favorable to Plaintiff. *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir. 1996); *Tyler v. Cisneros,* 136 F.3d 603, 607 (9th Cir. 1998)

Defendants seek to introduce the Declaration of an employee of the Department of State which does not provide a direct account from the consular officer who "decided" the K-3 petition, but relates instead entries in the Department of State's database.  (See Defendants' Declaration of Ms. Chloe Dybdahl)   Defendant's offer of this declaration steps outside the confines of a simple 12 (b)(6) motion to dismiss and are in truth submitting a motion for summary judgment which does not comply with the local rules of this court.

## V.	CONCLUSION

Plaintiffs request that Defendants' Motion to Dismiss be denied in order to allow for discovery to determine the actual reason for the prolonged delay of the adjudication of their non-immigrant visa and immigrant visa applications.  Plaintiffs believe, in light of the unusual claims of Defendants regarding an unsubstantiated adjudication of the K-3 visa,  the unusual activity and claims by agents of the Federal Bureau of Investigation, the fact that agency action comes only upon the filing and re-filing of this complaint, and the failure to present any justification for two years of delay on the applications of Mr. El Arbi and his wife Ms. Rustom, that Defendants' failure to adjudicate is a deliberate effort by Defendants to delay a ministerial task rather than any legitimate discretionary reason.

Discovery with regard to the factual basis of Defendant's delay should shed some light whether Defendants have a legitimate basis for a two year review of Plaintiffs' visa

applications and the extent to which there is unlawful interference in conferring this immigration benefit.

Dated:  March 24, 2008                    Respectfully submitted,

                                          **WILNER & O'REILLY, APLC**


                                          /s/_____
                                          ROBERT J. DUPONT
                                          Attorneys for Plaintiff

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS